IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Civil No. 10-1362 (EGS) |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| DANIEL CHAPTER ONE, ) | |
| ) | |
| and ) | |
| ) | |
| JAMES FEIJO, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANTS' RESPONSE TO THE GOVERNMENT'S SUPPLEMENTAL
PLEADING IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**

**ARGUMENT**

The FTC had the opportunity in the Court of Appeals to seek the same enforcement orders it now seeks in this Court.  The FTC did so but only by seeking an order *pendente lite* against one of the two defendants.  That order expired at the end of that litigation.  However, the FTC did not seek a permanent order against DCO or James Feijo which was within the statutory power of the Court of Appeals to issue.  In light of the FTC's failure to seek those orders before that court of competent jurisdiction, wherein an action was pending and adjudicated,  it is inappropriate for the FTC to ask this Court to now issue the orders.

In particular, the FTC sought and obtained an order from the Court of Appeals enjoining Daniel Chapter One from engaging in the activities prohibited by the FTC's Modified Final Order.  That order, issued on November 22, 2010, only named Daniel Chapter One as the entity

1

subject to the order and did not name James Feijo as an individual.[1]  At that time, the government could have sought a more expansive order covering James Feijo as an individual and, following the affirmation of the Modified Final Order, could have sought an order commanding obedience to the Modified Final Order.  The fact that the government failed to seek from the Court of Appeals certain orders does not provide a basis for the FTC to commence a new action to seek the neglected orders in this Court.

The government appeared in a court of competent jurisdiction and could have sought the same orders it is now seeking in this court.  The government was clearly aware of the jurisdiction of the Court of Appeals to issue orders enforcing the Modified Final Order.  As this Court has pointed out, the Court of Appeals has jurisdiction to enforce the Modified Final Order.  This Court issued a ruling on September 14, 2010, denying the earlier request for a preliminary injunction, which specifically pointed to the Court of Appeals' exclusive jurisdiction to affirm, enforce, modify, or set aside orders of the Commission under 15 U.S.C. 45(d). (Docket No. 11.)  In addition, 15 U.S.C. § 45(c) provides: "[t]o the extent that the order of the Commission is affirmed, the court [of appeals] shall thereupon issue its own order commanding obedience to the terms of such order of the Commission."  In this case, the judgment of the Court of Appeals denied review of the Modified Final Order.  The FTC did not request and, therefore, did not obtain an order commanding obedience to the terms of the order.  We respectfully submit that this neglect cannot be cured by seeking relief in a second forum.

Litigants who have had the opportunity to seek relief in a court of competent jurisdiction

---

[1] We agree with the FTC that the Modified Final Order was entered into *pendente lite* and its duration was limited to the life of the appellate litigation and that it is no longer valid.

and have chosen not to seek that relief are typically not afforded a later opportunity to seek the same relief in a different court.  For example, federal courts routinely deny relief to habeas petitioners who file successive petitions.  See *U.S. v. Akers*, 519 F.Supp.2d 94 (D.D.C. 2007.)  Given that a litigant whose liberty or life is on the line is not afforded the opportunity to seek relief he previously neglected to seek in an earlier proceeding, a governmental agency which neglected to seek an FTC injunction in an earlier proceeding should be denied relief in a successive petition to this Court.

## CONCLUSION

For the above stated-reasons and the reasons stated in the previously filed opposition, the Court should deny the motion.

Dated: May 27, 2011                                       Respectfully submitted,

s/Robert M. Sanger
_____

Robert M. Sanger (D.C. Bar No. OK0006)
Stephen K. Dunkle (D.C. Bar No. IL0013)
SANGER & SWYSEN
125 East De La Guerra Street, Suite C
Santa Barbara, CA 93101, 805-962-4887
Attorneys for Defendants