UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Civil No. 1:10CV01362 EGS |
| Plaintiff, | ) | |
| v. | ) | |
| DANIEL CHAPTER ONE, | ) | |
| and | ) | |
| JAMES FEIJO, | ) | |
| Defendants. | ) | |

**UNITED STATES' REPLY IN SUPPORT OF**
**MOTION FOR PRELIMINARY INJUNCTION**

The United States of America, through undersigned counsel, hereby replies in support of the pending Motion for Preliminary Injunction [doc. # 16]. The response Daniel Chapter One and James Feijo ("Defendants") filed misstates both the language of the Federal Trade Commission Act and the history of this case. As has been detailed extensively in the numerous pleadings and memoranda before the Court, the Court has authority under 15 U.S.C. § 45(l) to award civil penalties and injunctive relief for Defendants' violations of the Modified Final Order entered by the Federal Trade Commission. The Court should enter a preliminary injunction now.

**PROCEDURAL HISTORY**

Defendants state that this action was commenced as a result of the Court of Appeals not ordering permanent injunctive relief against both Defendants. That statement is incorrect. This

1

action, along with a motion for preliminary injunction, was filed on August 13, 2010. At a hearing on September 14, 2010, the Court discussed the authority of the circuit courts to enforce Commission orders *pendente lite* pursuant to 15 U.S.C. § 45(c). The Court denied the motion for preliminary injunction and stayed this action, directing the government to seek *pendente lite* relief[1] from the Court of Appeals. The Federal Trade Commission did just that, filing an "Emergency Motion of the United States Federal Trade Commission for an Order of Enforcement Pendente Lite." The motion was granted by the Court of Appeals ("Enforcement Order"), however, less than three weeks later, the Court of Appeals issued its Judgment on the merits of the appellate proceedings.

The reach of the *pendente lite* Enforcement Order ended with the issuance of the mandate by the Court of Appeals. The FTC did not seek contempt of the Enforcement Order in the Court of Appeals, and cannot now due to the end of the appellate process. The FTC did seek to speed the resolution of the appellate proceedings in order to return to this Court, where these proceedings could be unstayed and where both preliminary and permanent injunctive relief could be issued.[2]

Once the Court of Appeals issued its mandate, the United States sought to have this case unstayed and subsequently filed a motion for preliminary injunction. The current motion is

---

[1] *Pendente lite* refers to relief that is granted "pending determination of the merits" and is not permanent relief. United States v. Kelly, 790 F.2d 130, 139 (D.C. Cir. 1986) (citing Baker v. Sard, 420 F.2d 1342, 1343 (D.C. Cir. 1969)).

[2] On January 6, 2011, the FTC notified the Court of Appeals that "Daniel Chapter One and James Feijo . . . continue to flout the Commission's Order" and moved for expedited issuance of the mandate so "that the district court proceedings could resume." See page 2 of the Federal Trade Commission's Motion for Expedited Issuance of the Mandate.

essentially the same as the motion that was before the Court in August 2010.  However, as Defendants' violative conduct has been ongoing, the facts were updated to show that violations of the Modified Final Order had continued.  After the United States filed the pending Motion for Preliminary Injunction, Defendants sought to stay these proceedings based upon an ongoing criminal investigation and because they were seeking review of the Federal Trade Commission's Order before the Supreme Court.  This Court denied the motion to stay on May 10, 2010.

Notably, the Supreme Court denied Defendants' petition for certiorari on May 23, 2011.  As a result, the related appellate litigation has now been finally resolved.  The resolution of the appellate proceedings has no practical effect this litigation, as Defendants have been bound by a valid, final order of the FTC during the entire pendency of this suit.  Nonetheless, it invalidates the arguments Defendants have raised in the past that the Modified Final Order was in some way invalid or improper.  Defendants' violations of the Modified Final Order are ongoing, and injunctive relief is proper at this time.

### **THIS COURT HAS AUTHORITY TO ORDER CIVIL PENALTIES AND INJUNCTIVE RELIEF FOR DEFENDANTS' VIOLATIONS OF THE MODIFIED FINAL ORDER, AND SHOULD ENTER PRELIMINARY INJUNCTIVE RELIEF AT THIS TIME**

The FTC Act details what relief that may be sought for violations of Commission Orders.  Specifically, it states that in an action for civil penalties, "the United States district courts are empowered to grant mandatory injunctions and such other and further equitable relief as they deem appropriate in the enforcement of such final orders of the Commission."  15 U.S.C. § 45(l).  The Court has the authority under 15 U.S.C. § 45(l) to grant the injunctive relief sought in the pending Motion for Preliminary Injunction.

Defendants assert that the United States should have obtained permanent relief from the Court of Appeals, and state that because the Judgment issued by the Court of Appeals only denied Defendants' petition for review and failed to enforce the Modified Final Order, the relief the United States seeks in this action is successive and improper.  This  argument fails on its face because the Federal Trade Commission Act does not provide appellate courts with enforcement or injunctive authority after the jurisdiction of that court terminates.  Instead, the statute merely authorizes courts of appeals to order *pendente lite* relief to prevent injury while the action is under appeal.

The language Defendants rely upon specifically relates to appellate review of Commission orders, and states that upon consideration of the merits of the appeal, appellate courts are to "enter a decree affirming, modifying, or setting aside the order of the Commission." 15 U.S.C. § 45(c).  The statute goes on to state that where a Federal Trade Commission order is affirmed, the court "shall thereupon issue its own order commanding obedience to the terms of such order of the Commission."  15 U.S.C. § 45(c).  This language does not somehow vest enforcement powers in the court of appeals that extends beyond the jurisdiction of that court.[3] Instead, the language of the Federal Trade Commission Act is quite clear, and states:

> Any person, partnership, or corporation who violates an order of the Commission **after it has become final**, and while such order is in effect, shall forfeit and pay to the United States a civil penalty . . . [which] may be recovered in a civil action brought by the Attorney General of the United States. . . .  **In such actions, the United States district courts are empowered to grant mandatory injunctions**

---

[3] This language is consistent with other federal statutes authorizing appellate review of agency proceedings to the various courts of appeals, but not delegating authority for later enforcement and injunctive relief.  See, e.g., 15 U.S.C. §§ 78y, 78aa (appellate review of Securities and Exchange Commission orders); 47 U.S.C. §§ 402, 407, 502 (Federal Communications Commission orders).

> **and such other and further equitable relief as they deem appropriate in the enforcement of such final orders of the Commission.**

15 U.S.C. § 45(l) (emphasis added).  The language of the statute specifically provides for an enforcement action to proceed in the district court, not the court of appeals.

Indeed, even if the Judgment entered by the Court of Appeals had included language "commanding obedience" to the Commission's order, relief in this Court would still be appropriate.  For example, the Second Circuit reviewed a Federal Trade Commission order and "modified the order and, as modified, affirmed and enforced it."  United States v. Ancorp Nat. Services, Inc., 516 F.2d 198, 200 (2d Cir. 1975) (citing American News Company v. FTC, 300 F.2d 104 (2d Cir. 1962)).  Subsequently, the United States brought an enforcement proceeding seeking civil penalties and injunctive relief in the district court.  Ancorp Nat. Services, Inc., 516 F.2d at 201.  The district court's award of civil penalties and issuance of a permanent injunction were affirmed by the Second Circuit.  Id. at 202-03.  Ancorp demonstrates that even when a court of appeals enters a judgment that "enforces" a Federal Trade Commission order, the enforcement language has no effect on where enforcement proceedings are brought.  Enforcement proceedings are proper in the district courts.

As detailed above, the actual language used by the Court of Appeals in its Judgment is simply irrelevant to these proceedings.  Defendants continue to violate the Modified Final Order by promoting cures for cancer and other tumors without competent and reliable scientific evidence substantiating their claims.  Defendants ignore provisions in the Modified Final Order that require that a corrective notice be sent to past purchasers.  Injunctive relief is necessary to prevent continuing harm to individuals suffering from cancer and other tumors, and this Court

has the authority under 15 U.S.C. § 45(l) to grant the injunctive relief sought in the pending Motion for Preliminary Injunction. As detailed in the Motion for Preliminary Injunction, it is likely that the United States will ultimately succeed on the merits, and the balance of the equities support granting an injunction. As a result, issuing a preliminary injunction enjoining Defendants from violating the Modified Final Order entered by the Federal Trade Commission is in the public interest.

## CONCLUSION

This Court is the appropriate venue and forum for determining the need for preliminary and permanent injunctive relief, as well as the other relief sought in the United States' Complaint. The United States requests that its Motion for Preliminary Injunction be granted.

Respectfully submitted this 6th day of June, 2011.

| Of Counsel: | FOR THE UNITED STATES OF AMERICA |
|---|---|
| WILLARD TOM<br>General Counsel | TONY WEST<br>Assistant Attorney General<br>Civil Division |
| JAMES A. KOHM<br>Associate Director for Enforcement | U.S. Department of Justice |
| LAURA DEMARTINO<br>Assistant Director for Enforcement | MAAME EWUSI-MENSAH FRIMPONG<br>Acting Deputy Assistant Attorney General |
| KRISTIN M. WILLIAMS<br>Attorney, Division of Enforcement | KENNETH L. JOST<br>Acting Director,<br>Office of Consumer Protection Litigation |
| Federal Trade Commission | s/ JESSICA R. GUNDER<br>JESSICA R. GUNDER<br>Trial Attorney<br>Office of Consumer Protection Litigation<br>U.S. Department of Justice |

## CERTIFICATE OF SERVICE

I certify that on June 6, 2011, I caused a true and correct copy of the above-entitled **UNITED STATES' REPLY IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**, to be served via the Court's Electronic Case Filing System to counsel for the Defendants as follows:

Robert M. Sanger
125 East De La Guerra Street
Suite 102
Santa Barbara, CA 93101
Telephone: (805) 962-4887
Fax: (805) 963-7311
E-mail: lawyers@sangerswysen.com

*counsel for defendants*

                                           s/ JESSICA R. GUNDER
                                           JESSICA R. GUNDER