UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Civil No.  1:10CV01362 EGS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DANIEL CHAPTER ONE, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| JAMES FEIJO, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| PATRICIA FEIJO, | ) | |
| | ) | |
| Contempt Defendant. | ) | |

**PROPOSED ORDER**

This matter is before the Court on the United States' Motion for Order to Show Cause

Why Defendants Should Not Be Held in Contempt that was filed on July 28, 2011.  A hearing on

the United States' Motion was held on _____.

A contempt finding is proper where "the putative contemnor has violated an order that is

clear and unambiguous[.]"  Armstrong v. Executive office of the President, Office of Admin., 1

F.3d 1274, 1289 (D.C. Cir. 1993) (quoting Washington-Baltimore Newspaper Guild, Local 35 v.

Washington Post Co., 316 F.2d 1029, 1031 (D.C. Cir. 1980)).  The contempt need not be willful

as "it matters not with what intent the defendant did the prohibited act." McComb v. Jacksonville Paper Co., 336 U.S. 187, 191 (1949).

The party alleging civil contempt must demonstrate the contemnor's violation of a court order by "clear and convincing evidence." Armstrong v. Executive office of the President, Office of Admin., 1 F.3d 1274, 1289 (D.C. Cir. 1993) (quoting Project B.A.S.I.C. v. Kemp, 947 F.2d 11, 16 (1st Cir. 1991)). This standard was met here. On June 22, 2011, the Court entered a preliminary injunction thatordered Daniel Chapter One and James Feijo ("Defendants")[1] were "**ENJOINED** to obey forthwith the Modified Final Order of the Federal Trade Commission issued January 25, 2010, in Docket No. 9329, *In the Matter of Daniel Chapter One and James Feijo, see* Pl.'s Ex. A at Docket No. 16-5[.]"

Plaintiff has demonstrated by clear and convincing evidence that Daniel Chapter One, James Feijo, and Patricia Feijo ("Contemnors") have failed to comply with this Order. Specifically, the Contemnors are violating the Modified Final Order by continuing to make representations that their products treat or cure cancer without competent and reliable scientific evidence that substantiates the representation and by failing the mail the required notice to "all consumers who purchased BioShark, 7 Herb Formula, GDU, and/or BioMixx" between January

---

[1] As specified in the Federal Rules, a preliminary injunction binds:
(A) the parties;
(B) the parties' officers, agents, servants, employees, and attorneys; and
(C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B)

as long as those individuals "receive actual notice of it by personal service or otherwise[.]" Fed. R. Civ. P. 65(d)(2). While Patricia Feijo is not a defendant in this case, she received notice of the Order, and has acted in active concert and participation with Defendants.

1, 2005, and April 2, 2010.  These acts violate Part II and Part V.B of the Modified Final Order, and as a result, violate the Court's Order.

Because Plaintiff made a showing by clear and convincing evidence that the Contemnors have violated the Court's Order, the burden shifts to the Contemnors to demonstrate why they were unable to comply.  SEC v. Bilzerian, 112 F.Supp.2d 12, 16 (D.D.C. 2000).  Defendants were unable to meet this burden.  The violations at issue here are not technical violations, and the evidence demonstrates that the Contemnors are not making a reasonable effort to comply with the Order.  Indeed, the evidence shows recurring, deliberate violations of the Order.

In defiance of the Order entered by the Court on June 22, 2011, the Contemnors have continued to make representations that their products treat cancer.  These representations are made on websites under the control of the Contemnors and the Contemnors have continued to make these representations on their radio show.  Additionally, Defendants have refused to send the required notice to consumers.  The United States has shown by clear and convincing evidence that the Contemnors have not complied with the Court's Order, and the Contemnors' explanations for their noncompliance are insufficient.

Courts have broad discretion to fashion contempt remedies, and monetary sanctions can be entered both to coerce compliance and to compensate for loses incurred as a result of the contempt.  Washington Metropolitan Area Transit Authority v. Amalgamated Transit Union, 531 F.2d 617, 622 (D.C. Cir. 1976).  Coercive contempt sanctions are appropriate here in order to coerce Defendants into compliance with the Court's Order.  Lasar v. Ford Motor Co., 399 F.3d 1101, 1110 (9th Cir. 2005).  A coercive civil contempt penalty must be "avoidable through

obedience." <u>Int'l Union, United Mine Workers of America v. Bagwell</u>, 512 U.S. 821, 827 (1994).

I have considered the magnitude of the harm threatened by the Contemnors' continued contumacy, and the probable effectiveness of a coercive civil contempt penalty. <u>Id.</u>  The facts of this case are unique as the Contemnors have been ordered to abide by the terms of the Modified Final Order numerous times.  First, Defendants requested that the Modified Final Order be stayed while their appeal was pending, and this request was denied by both the Federal Trade Commission and the Court of Appeals for the District of Columbia.  Despite the fact that the Modified Final Order was not stayed, the Contemnors refused to comply, resulting in the Federal Trade Commission seeking an Order of Enforcement Pendente Lite from the Court of Appeals. The motion was granted, however, the Contemnors still refused to comply.

Additionally, throughout this period, their refusal has resulted in the accumulation of civil penalties.[2]  15 U.S.C. § 45(l).  As "each day of continuance of such failure or neglect [to obey a final order of the Commission] shall be deemed a separate offense," Daniel Chapter One and James Feijo are currently liable for over 7.75 million dollars in civil penalties.[3]  Despite accumulating civil penalties every day they have refused to comply, Daniel Chapter One, James Feijo, and Patricia Feijo have not changed their behavior.

---

[2] The Federal Trade Commission Act (as modified by the Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461) authorizes the Court to award civil penalties of not more than $16,000 for each violation of the Telemarketing Sales Rule.  15 U.S.C. § 45(l).

[3] This sum assumes just one violation a day since the Modified Final Order went into effect. $16,000 x 485 days = $7,760,000.

It appears unlikely that a financial coercive civil contempt penalty alone will be effective in securing the Contemnors' compliance with the Order.  As a result, I find that the imposition of an escalating monetary civil contempt penalty that converts to imprisonment if the Contemnors do not comply is appropriate.  Specifically:

> Day 1: $1,000
> Day 2: $5,000
> Day 3: $10,000
> Day 4: $20,000
> Day 5 and beyond: imprisonment for James Feijo and Patricia Feijo
> Day 5 and beyond: $25,000 for Daniel Chapter One

This coercive civil contempt sanction shall remain in place until Defendants purge the contempt.

Based on the foregoing and on the papers and records on file in this case, and good cause appearing,

**IT IS HEREBY ORDERED** that Daniel Chapter One, James Feijo, and Patricia Feijo are in contempt of the Court's Order entered on June 22, 2011 (Docket #31).

**IT IS FURTHER ORDERED** that, beginning the day after the entry of this Order, Defendants shall be assessed a fine as a coercive civil contempt sanction.  This fine is an escalating monetary civil contempt penalty that will convert to imprisonment if the Contemnors do not comply:

> Day 1: $1,000
> Day 2: $5,000
> Day 3: $10,000
> Day 4: $20,000
> Day 5 and beyond: imprisonment for James Feijo and Patricia Feijo
> Day 5 and beyond: $25,000 for Daniel Chapter One

This coercive civil contempt sanction will remain in place until Defendants purge the contempt through compliance with the Order entered on June 22, 2011, and make a showing to this Court

sufficient to demonstrate their compliance.  Daniel Chapter One, James Feijo, and Patricia Feijo

are jointly and severally liable for the payment of any fine that accrues.

SO ORDERED:

Dated this _____ day of _____, 2011.

_____
Emmet G. Sullivan
United States District Judge